

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-21-00149-CV

_____

IN THE INTEREST OF M.D., A CHILD

On Appeal from the 46th Judicial District
Wilbarger County, Texas
Trial Court No. 29025; Honorable Dan Mike Bird, Presiding

August 30, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Biological father, G.D., appeals the trial court's judgment terminating his parental rights to the child, M.D. On appeal, he challenges the evidence supporting the trial court's finding that termination of his parental rights was in the child's best interest. We affirm.

Parental rights may be involuntarily ended if a two-pronged test is met. That is, clear and convincing evidence must establish both one or more of the statutory grounds permitting termination and termination must be in the child's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020); *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019) (per curiam). G.D. does not dispute that clear and convincing evidence established the first prong and, thereby, implicitly conceded that sufficient evidence supports the trial

court's findings under Subsections (D), (E), (F), and (Q). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (F), and (Q) (West Supp. 2020). Therefore, unchallenged predicate statutory grounds support the termination of G.D.'s parental rights. Additionally, said evidence can support the trial court's best interest finding. *See In re E.A.F.*, 424 S.W.3d 742, 750 (Tex. App.—Houston [14th Dist.] 2014, pet denied) (citing, *inter alia*, *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002)); *see also In re T.C.*, No. 07-18-00080-CV, 2018 Tex. App. LEXIS 6769, at *13 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.) (noting that a parent who opts to forgo a challenge to predicate ground findings tacitly concedes that sufficient evidence supports those findings).[1]

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors in performing their analysis. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors include the following: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody of the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.* The

---

[1] To determine whether the evidence is legally sufficient to support the trial court's best-interest finding, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable fact-finder could form a firm belief or conviction that termination of parental rights is in the child's best interest. *See In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

We must perform "an exacting review of the entire record" in determining the factual sufficiency of the evidence supporting the termination findings. *In re A.B.*, 437 S.W.3d 498, 500 (Tex. 2014). We review the whole record to decide whether a fact-finder could reasonably form a firm conviction or belief that termination of the parent-child relationship would be in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28.

foregoing indicia are not exhaustive, and the absence of evidence on some of them does not itself preclude a fact-finder from reasonably forming a strong conviction or belief that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27. To that we add the rule that a "trier of fact [also] may measure a parent's future conduct by his past conduct [in] determin[ing] whether termination of parental rights is in the child's best interest." *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

M.D. was born in June of 2018 and removed from his mother on March 14, 2020, after he tested positive for marijuana and THC. His brother, born on March 14, 2020, also testified positive for the same controlled substances and underwent removal. Both children were placed together with relatives and resided there through trial. Upon removal, their mother performed few of the requirements placed on her to regain custody. Eventually, she informed the Department that she wanted to start life anew and abandoned the children.

Other evidence reveals that, but for two months, G.D. had been imprisoned during M.D.'s life. He had neither a relationship nor bond with the child. Nor had he ever provided any financial or emotional support for the child. Similarly missing was more than nominal effort on his part to complete any of the conditions necessary to retain his relationship with M.D. His lack of effort included the two-month period during his release from jail and subsequent reincarceration for violating parole conditions. He did not submit to drug testing, find employment, or engage in services during that interim.

M.D. calls the couple with whom he resides his mother and father. Strong bonds have developed between them. The couple also "worked very hard to create a normal life for the" children, "completed all classes, [and] have gone above and beyond." The couple's quick response also saved the life of M.D.'s brother when the latter's appendix

ruptured. Additionally, M.D. "was behind developmentally and in speech" but "has since successfully passed all of his ECI services." No longer was he "going through any withdrawals." Instead, he was "doing great" living with his cousins, according to the Department's witness.

G.D.'s incarceration exposed M.D. to a life of uncertainty and instability, which is a factor to weigh in the best interests analysis. *See In re H.P.*, No. 07-19-00394-CV, 2020 Tex. App. LEXIS 3743, at *14 (Tex. App.—Amarillo May 1, 2020, pet. denied) (mem. op.) (noting that a parent's incarceration is a factor to weigh when undertaking a best-interest analysis). His lack of emotional and financial support for M.D., his lack of a bond with the child, and his failure to complete services are also relevant factors. They, coupled with the enriching nature of the environment provided by M.D.'s cousins, are more than ample to support a finding that termination of appellant's parental rights was in the child's best interest.[2]

We hold that clearing and convincing evidence appears of record enabling a fact-finder to form a firm conviction and belief that termination of appellant's parental relationship was in the child's best interest. We overrule appellant's sole issue and affirm the trial court's judgment ending the parent-child relationship between G.D. and M.D.

Per Curiam

---

[2] We note that, pursuant to the Texas Supreme Court opinion in *In re N.G.*, we generally review the trial court's findings under section 161.001(b)(1)(D) and (E) when challenged. This is so because of the potential future consequences to a parent's parental rights concerning a different child. *See In re N.G.*, 577 S.W.3d at 235–37. Appellant's engaging in criminal conduct resulting in his incarceration, leaving his child with one who abuses drugs, and providing neither financial nor emotional support for the child is evidence that appellant engaged in a voluntary, deliberate, and conscious course of conduct endangering the child's physical and emotional well-being. Thus, the record contains sufficient evidence upon which the trial court could have found that subsections (D) and (E) supported termination of appellant's parental rights.

4